**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50497 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00795-SVW-1 |
| v. | |
| MARIA ELIZABETH ONTIVEROS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 3, 2016**
Pasadena, California

Before: CALLAHAN and N.R. SMITH, Circuit Judges and RAKOFF,*** Senior District Judge.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Maria Elizabeth Ontiveros appeals her 24-month sentence following her guilty-plea conviction for mail theft in violation of 18 U.S.C. § 1708. We have jurisdiction under 28 U.S.C. § 1291. Where, as here, a defendant failed to object to the district court's alleged sentencing errors, we will grant relief only if the defendant establishes that plain error affected her substantial rights. *See United States v. Waknine*, 543 F.3d 546, 551, 553 (9th Cir. 2008). We review for an abuse of discretion the substantive reasonableness of a sentence. *United States v. Apodaca*, 641 F.3d 1077, 1082 (9th Cir. 2011). We affirm.

The government concedes that the district court violated Federal Rule of Criminal Procedure 32(i)(4)(A)(iii) by failing to solicit argument from the government at the sentencing hearing. However, the record reflects that the government filed a memorandum with the district court explaining its recommendation before the sentencing hearing, defense counsel reminded the district court of the government's position at the hearing, and the district court stated that it had reviewed the pleadings and arguments. *See Waknine*, 543 F.3d at 553-54 (holding that the defendant had not established that a Rule 32(i)(4)(A)(iii) error affected his substantial rights where the government filed a memorandum with the district court explaining its recommendation before the sentencing hearing, the government referred the district court to that recommendation shortly

2

after sentencing, and the record supported an inference that the district court had reviewed the pleadings). Ontiveros therefore has not established that the district court's failure to solicit argument from the government affected her substantial rights.

The record does not support Ontiveros's contention that the district court plainly erred by failing to address the parties' arguments in mitigation. The record reflects that the district court considered the parties' recommendations and sufficiently explained the sentence. *See Apodaca*, 641 F.3d at 1081 (although sentencing courts normally should explain their reasons for rejecting a party's position when it is based on a non-frivolous argument tethered a relevant 18 U.S.C. § 3553(a) factor, "[w]e have held that no lengthy explanation is necessary if the record makes clear that the sentencing judge considered the evidence and arguments" (citation and internal quotation marks omitted)).

In light of the § 3553(a) sentencing factors and the totality of the circumstances, including Ontiveros's criminal history, the district court did not abuse its discretion by imposing a within-Guidelines sentence. *See Apodaca*, 641 F.3d at 1082 (explaining standards for determining whether a sentence is substantively reasonable).

**AFFIRMED.**

3